IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES MATTHEW SIMMONS,

        Plaintiff,

                                          CIVIL ACTION
  vs.                                    No. 10-3162-SAC

(FNU) BEIR-WEAR, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff's motion to proceed in forma pauperis is governed by 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the records, the court finds the average monthly deposit to plaintiff's account is $5.93, and the average monthly balance is $.44. The court therefore assesses an

initial partial filing fee of $1.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

*Screening*

Because plaintiff is a prisoner who seeks redress from a governmental employees, the court must undertake a preliminary screening of this matter. *See* 28 U.S.C. § 1915A(a). Following this review, the court must dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief. *See* § 1915A(b).

A complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must set out "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court accepts as true all well-pleaded allegations of the complaint, even if doubtful in fact, and liberally construes the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, despite this standard, "when the allegations in a complaint, however true, could not raise a [plausible]

---

[1] Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

claim of entitlement to relief," the cause of action will be dismissed.  *Id.* at 558.

**The complaint**

Plaintiff filed an amended complaint (Doc. 3) in which he requests preliminary injunctive relief, a temporary restraining order, and other, unspecified relief.

His assertions of fact are summarized as follows:

**Issue 1**: plaintiff claims defendant Beir-Wear, a Unit Team Counselor at the Hutchinson Correctional Facility (HCF) threatened and intimidated him, in violation of the Eighth Amendment.  On July 2, 2010, while having legal documents notarized by the defendant, plaintiff stated he planned to file a grievance, a request for an injunction, and a civil rights complaint against another staff member who had told plaintiff he would return documents to plaintiff on July 1 but failed to do so until July 2.  The defendant then asked plaintiff why he wanted to make things so hard for other people.  After he explained his position, defendant Beir-Wear stated that if he made it hard on others, they would make it hard on him.  Plaintiff states that as a result, he now fears for his well-being.  (Doc. 3, pp. 1-2).

**Issue 2:** Plaintiff claims defendant Canady, a corrections officer at the HCF retaliated against him in violation of the

Fourteenth Amendment. On June 24, 2010, plaintiff filed a grievance against Canady for lying. He states that since then, Canady has singled him out for doing the same things as other inmates. As an example, he cites his receipt of a formal written warning on July 4, 2010, for drinking water from the outside water fountain after returning from recreation. Plaintiff claims that as a result, he fears retaliation in the form of false disciplinary reports. He requests a court order requiring the defendant to remain at least 50 feet from him (Doc. 3, pp. 2-3.)

**Issue 3:** plaintiff claims Sgt. Lehman of the HCF retaliates against him by treating him differently than other inmates in violation of the Fourteenth Amendment. On August 24, 2010, plaintiff submitted a grievance complaining that the defendant had failed to process two of his other grievances. He states that since that time, the defendant has issued commands to him, such as "finish up drying off" while others also are finishing. He also states that defendant has begun requiring him to turn in his dirty laundry before showering. Plaintiff states that because he plans to file another grievance against the defendant, he expects more retaliation. He seeks an order preventing the defendant from coming within 50 feet of him. (Doc. 3, pp. 3-4.)

**Issue 4**: plaintiff claims Sgt. Bontrager of the HCF tried to intimidate him in violation of the Eighth Amendment. On September 2, 2010, defendant approached the dining table where plaintiff was eating and said it was time to go. Plaintiff made a verbal response, and defendant stopped, turned, look in plaintiff's direction and told him he didn't need any back chatter. Plaintiff made another verbal response, and defendant repeated that he didn't need any back chatter.

Plaintiff states that he plans to file grievances against the defendant and believes there is a "strong possibility retaliation will follow as a result". To prevent such conduct, he seeks a court order requiring the defendant to remain at least 50 feet from him. (Doc. 3, p. 4.)

**Issue 5**: plaintiff claims defendant Brown, a Unit Team Counselor at the HCF has discriminated against him by different treatment in violation of the Fourteenth Amendment. He states that over a period of four months, the defendant has selected him for a work assignment on five occasions, though he has not submitted a written request for a job assignment. He claims he prefers to be left alone, and he states that other, unnamed inmates have requested work. He alleges this conduct is discriminatory, and he seeks a court order to prevent the defendant from such conduct in the future. (Doc. 3, pp. 4-5.)

**Issue 6**: plaintiff claims defendant Ford, an independent contractor working as a food service supervisor at the HCF, treated him differently than other inmates in violation of the Fourteenth Amendment. He states that on September 17, 2010, he was on break when the defendant told him and another inmate that they needed to get back to work. They resumed work, but shortly after plaintiff observed that all the other inmates had gone back to break, while he and another inmate remained at their assigned areas. This went on for 30 to 45 minutes. Plaintiff seeks a court order to prevent the defendant from future discriminatory conduct. (Doc. 3, pp. 5-6.)

**Issue 7:** plaintiff claims defendant Sherry, a corrections officer at the HCF threatened and intimidated him. On September 7, 2010, the defendant approached plaintiff and another inmate at breakfast and told them that they had a few minutes left to finish eating. The other inmate then resumed a conversation with a third inmate. The defendant returned to the table and said "Don't make me have to write you up for insubordination." Plaintiff responded verbally, and defendant repeated the statement. Plaintiff then asked defendant if he was threatening and intimidating them with a disciplinary report and told defendant he would be filing a motion for injunction. He states he now fears defendant Sherry will write a false disciplinary

6

report against him and seeks a court order to prevent defendant from coming within 50 feet of him. (Doc. 3, p. 6.)

**Issue 8**: plaintiff claims Lt. Martin of the HCF is withholding a grievance plaintiff submitted against a Unit Team Counselor of the Lansing Correctional Facility on April 14, 2010. He seeks a court order requiring defendant Martin to turn the grievance over to him. (Doc. 3, p. 6.)

**Issue 9:** plaintiff claims defendant Kilmore, a Unit Team Counselor at the HCF is intentionally withholding and failing to respond to grievances and inmate requests. He states grievances he placed in defendant's office box between July and September 2010 have not been processed, delaying his ability to pursue a civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks a court order directing defendant Kilmore to respond to and return all grievances and inmate request forms. (Doc. 3, pp. 6-7.)

**Issue 10**: plaintiff claims that on September 4, 2010, Sgt. Perugini of the HCF conspired with Sgt. Lehman to remove his name for the Ramadan callout list in retaliation for his August 24, 2010, complaint against Sgt. Lehman. He seeks a court order directing defendant Perugini to remain at least 50 feet from him to prevent additional retaliation. (Doc. 3, p. 7.)

**Issue 11:** plaintiff claims defendant Estes, a correctional

7

officer at the HCF, threatened him and tried to intimidate him. Plaintiff states that on September 6, 2010, he called out that he had a pass for the law library. Five minutes later, he repeated the call. Defendant Estes responded that he heard plaintiff the first time and plaintiff need not repeat his call. Plaintiff responded verbally to defendant Estes, who then told plaintiff if he continued, he would not be going anywhere. Plaintiff again made a verbal response. He seeks a court order directing defendant Estes to stay within 50 feet of him to prevent any further threatening or intimidating conduct. (Doc. 3, pp. 7-8.)

**Issue 12:** plaintiff claims defendant Rhine, a librarian at the HCF, told him on two occasions to leave the law library for talking and for trying to provide legal assistance to other inmates. He states that on September 7, 2010, defendant Rhine told him and another inmate to leave the law library while plaintiff was assisting the other inmate and that on October 7, 2010, he and a different inmate were told to leave the law library because they were talking. He seeks a court order to require the defendant to refrain from such interference in the future. (Doc. 3, p. 8.)

**Discussion**

Plaintiff asserts claims under the Eighth and Fourteenth Amendments.

*Eighth Amendment Claims*

In order to state a cognizable Eighth Amendment claim against prison officials, plaintiff must allege facts demonstrating that: (1) the deprivation is "sufficiently serious", and (2) the defendant official acted with a culpable state of mind. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A deprivation is sufficiently serious where it "result[s] in the denial of the minimal civilized measure of life's necessities." *Id.* (citations and internal quotations omitted).

Because prison conditions may be "restrictive and even harsh" without offending the Constitution, see *Barney v. Pulshiper,* 143 F.3d 1299, 1311 (10th Cir.1998), being subjected to threats of abuse does not state an Eighth Amendment violation. *McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001).

Finally, a prisoner may not pursue a federal cause of action for mental or emotional injury without a showing of physical injury. 42 U.S.C. § 1997e(e).[2]

---

[2]

The statute provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

Plaintiff's Eighth Amendment claims of abuse and retaliation fall short of suggesting any objectively serious injury, and his claims seeking restraining orders and injunctive relief must be summarily dismissed.

*Fourteenth Amendment Claims*

"The Fourteenth Amendment guarantee of equal protection is essentially a direction that all persons similarly situated should be treated alike." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009), *cert. denied,* --- U.S. ----, 130 S.Ct. 1737, 176 L.Ed.2d 213 (2010)(citing *City of Cleburn v. Cleburn Living Ctr.*, 473 U.Ss. 432, 439 (1985)).

To state a violation of the Equal Protection Clause, a prisoner must demonstrate "that he was singled out [for punishment] while other similarly situated were not." *United States v. Johnson,* 765 F.Supp. 658, 660 (D.Colo. 1991). Specifically, a plaintiff must allege that the defendants either denied him a fundamental right or provided differential treatment based on a suspect classification, *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995), and must establish both a discriminatory effect and

---

physical injury." 42 U.S.C. § 1997e(e).

a discriminatory motivating factor.  *Marshall v. Columbia Lea Regional Hospital,* 345 F.3d 1157, 1168 (10th Cir. 2003).

Here, plaintiff alleges claims of retaliation and conspiracy.  To prevail on a claim of retaliation, a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers ... would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)(quotations and citation omitted).  Likewise, a plaintiff alleging retaliatory conduct "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quotations and citation omitted).

Next, an allegation of conspiracy may state a claim for relief under § 1983. *Tonkovich v. Kansas Board of Regents,* 159 F.3d 504, 533 (10th Cir. 1998).  Again, such a claim requires more than bare allegations of wrongdoing.  In order to state a claim for civil conspiracy, a plaintiff must allege specific facts showing an agreement and concerted action among the defendants.

Because plaintiff's bare allegations of discrimination, retaliation, and conspiracy are not sufficient to state claims for relief, the court will grant plaintiff an opportunity to amend these counts.  If plaintiff fails to supplement the record with specific factual allegations, these counts are subject to

dismissal for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before August 12, 2011, plaintiff shall submit an initial partial filing fee of $1.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before August 12, 2011, plaintiff must amend the complaint as directed to provide specific factual support for his allegations of discrimination, conspiracy, and retaliation. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 12th day of July, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge